NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-89-HRW

LARRY DWANE TAYLOR                                  PETITIONER

VS:             **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.                 RESPONDENTS

Larry Dwane Taylor, an individual presently confined at the Federal Correctional Institution (FCI) in Ashland, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the requisite filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

Petitioner states that on January 14, 1999, he began serving a 7- to 10-year state sentence in Wyoming for Receiving and Concealing Stolen property. He states that a federal indictment was issued against him on May 12, 1999, for conspiracy to deliver methamphetamine and marijuana. He states that as a result of the federal indictment, the United States Marshals ("USM") took custody

of him pursuant to a writ of habeas corpus prosequendum and that he served 131 days in the custody of the USM, from June 15, 1999, until November 24, 1999. The petitioner received a 92-month sentence in federal court, to run concurrently with his previously imposed Wyoming state sentence.

The petitioner asserts two claims. First, he contends that the Bureau of Prisons ("BOP") has wrongly refused him credit for the 131 days he served in federal custody pursuant to a writ of habeas corpus prosequendum. The petitioner alleges that to the extent his federal sentence is not being decreased by 131 days, his due process rights have been violated. He also alleges that under §5G1.3 of the United States Sentencing Guidelines ("USSG"), he should receive credit for the 131 days.

Second, he alleges that his absence from state custody in Wyoming during this 131-day period caused him to lose his request for obtaining an appeal bond with regard to his state charges. He claims that had he not been in the USM's custody pursuant to the writ of habeas corpus prosequendum, he might have been released from custody on his state charges while his appeal is or was pending.

RELIEF REQUESTED

Petitioner asks this Court to enter an order directing the BOP to credit his current federal sentence for the time earned while in pre-sentence federal custody between June 15, 1999, and November 24, 1999, in accordance with 18 U.S.C. §3585 (b).

RESPONDENTS

The named respondents are Terry O'Brien, whom the petitioner identifies as the warden of FCI-Ashland, and the United States of America.

DISCUSSION

As an initial matter, the Court notes that the petitioner has exhausted his habeas claims through all of the administrative levels within the BOP. The BOP contends that the petitioner's state

sentence in Wyoming began on April 23, 1999, and that he received credit toward his state sentence for the period of time he was in custody prior to the commencement of his state sentence–the period of time between January 4, 1999, and April 22, 1999. The BOP uniformly responded, at both the institutional and regional levels, that during the period of time between June 15, 1999, and November 24, 1999, the petitioner was in the primary custody of the state of Wyoming and that federal authorities only "borrowed" him via the writ of habeas corpus prosequendum.

Accordingly, the BOP determined that the petitioner was in the primary custody of the state of Wyoming between June 15, 1999, and November 24, 1999, and that he received credit toward his state sentence for that time period. The BOP concluded that if the petitioner was also awarded 131 days' credit toward his federal sentence, he would be receiving a double credit for the same time served, in violation of 18 U.S.C. §3585(b).

### 1. Fifth Amendment Due Process Claim

Petitioner seeks an order requiring the BOP to award him 131 days' credit on his federal sentence resulting for time he spent in federal custody pursuant to a writ of habeas corpus prosequendum. Petitioner correctly refers to 18 U.S.C. §3585.

The relevant provision of 18 U.S.C. §3585 reads as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added). Under the statute, it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v.*

3

*Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id*.

A district court may grant a petitioner relief under 28 U.S.C. §2241. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). For various reasons, including the holding of *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished), this Court finds unconvincing Petitioner's theory that he is entitled to credit on his current federal sentence imposed for the 131 days he served in federal custody between June 15, 1999, and November 24, 1999, pursuant to a writ of *habeas corpus ad prosequendum*.

In *Huffman v. Perez,* Petitioner Huffman similarly alleged that he, like the instant petitioner, was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the USM, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359. The Sixth Circuit concluded that because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain*, 9 F.3d at 505." *Huffman* at 1359.

Also dispositive is *See also Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)). In *Easley*, the Seventh Circuit concluded that Petitioner Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, relying on *Sinito v. Kindt*, 954 F.2d 467,469 (7th Cir. 1992). The court found that Easley was still serving his

4

undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, and that the time spent in custody pursuant to the writ was applied to his state sentence. The *Easley* court concluded that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[1]

Accordingly, to grant the relief the instant petitioner requests would result in his receiving improper double credit, prohibited by *McClain* and 18 U.S.C. §3585(b)(2).

### 2. Claim Under USSG 5G1.3(b)

The petitioner further cites USSG 5G1.3(b) in arguing that he should receive the requested 131-day credit toward his federal sentence. Clearly, Petitioner could have filed a direct appeal of his 1999 federal sentence if he felt that it was excessive. He could have also filed a motion to vacate his sentence in the trial court, under 28 U.S.C. §2255. Challenges to the application of the USSG are not properly asserted under a §2241 habeas corpus petition. *See Easley*, *supra*, at 542 (direct appeals involving the challenges to applications of specific sentencing guidelines have procedural postures different from a petition for writ of habeas corpus under 28 U.S.C. §2241). Accordingly, the petitioner's reliance on USSG 5G1.3(b) is misplaced.

### 3. Release on Appeal in State Court

The Court has determined that the petitioner is not entitled to an additional credit of 131 days toward his federal sentence, because that credit was applied to his state sentence. To the extent that

---

[1] *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

the petitioner alleges that his time spent in the custody of the USM caused him to forfeit the opportunity to be released on bond pending an appeal of his state sentence, he asserts no valid claim, as there is no fundamental right to parole or to release from a sentence of incarceration that has itself been lawfully imposed.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed.2d 668 (1979).

The Petitioner has failed to state a claim upon which relief can be granted.  The Court hereby denies the petitioner's §2241 petition for writ of habeas corpus under §1915(e).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   This action will be **DISMISSED WITH PREJUDICE** from the Court's docket.

(3)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This October 25, 2005.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge